■ NATIONAL COMPACTOR & TECHNOLOGY SYSTEMS, INC., Respondent, v. KOHLERITER & SPANDORF, Appellant. (Action No. 1.) (And Another Title.) — Appeal from an order of the Supreme Court, Suffolk County, entered February 8, 1974, which denied defendant's motion to amend its answer in Action No. 1 so as to assert a claim over against plaintiff in that action. Order affirmed, with $20 costs and disbursements. While the proposed claim over for indemnity was undoubtedly timely interposed (*Musco* v. *Conte*, 22 A D 2d 121; *Satta* v. *City of New York*, 272 App. Div. 782), it was, nevertheless, insufficient in point of law and therefore leave was properly denied (*Zillman* v. *Meadowbrook Hosp. Co.*, 45 A D 2d 267; *Grafer* v. *Marko Beer & Beverages*, 36 A D 2d 295, app. dsmd. 29 N Y 2d 641). Hopkins, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The proposed claim over sounds in indemnity and is therefore not barred by Statutes of Limitation (*Musco* v. *Conte*, 22 A D 2d 121). Respondent's reliance upon such cases as *Grafer* v. *Marko Beer & Beverages* (36 A D 2d 295, app. dsmd. 29 N Y 2d 641) and *Beckerman* v. *Walter J. Munro, Inc.* (25 A D 2d 448) cannot be determined on the conflicting statements in the papers. In view of the liberal policy favoring amendments of pleadings (CPLR 3025, subd. [b]) the motion should have been granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIDIO ARIAS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 19, 1972, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him to an indeterminate prison term not to exceed 10 years. Judgment affirmed. When defendant (who speaks Spanish but no English) appeared for sentence with his attorney (who spoke both Spanish and English), the court clerk advised him as follows: "before sentence is imposed on you by the Court, is there anything personally you wish to say? You may speak, or your attorney may speak?" The court interpreter then translated this into Spanish. Defendant answered through the interpreter: "I shall let me [*sic*] lawyer speak for me." Thereupon defense counsel addressed the court on defendant's behalf. In our opinion the invitation to defendant to speak satisfied the requirements of CPL 380.50 (cf. *People* v. *Hyatt*, 43 A D 2d 564, affd. 35 N Y 2d 483; *People* v. *McClain*, 42 A D 2d 868, affd. 35 N Y 2d 483). Moreover, defendant was ably represented by a Spanish speaking attorney who could have noted any inaccuracy, inconsistency, or improper nuance in the translation. Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.